BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

RANDALL LEONARD (FLBN 0056205)
Special Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102-3495
    Telephone: (415) 436-7018
    FAX: (415) 436-7234
    randall.leonard@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: CR 17-00095-WHA |
| Plaintiff, | [~~PROPOSED~~] ORDER DETAINING DEFENDANT PRETRIAL |
| v. | |
| DEAUNTRE MONTGOMERY, | |
| Defendant. | |

On February 23, 2017, an indictment was filed in the Northern District of California charging Defendant Deauntre Montgomery with a violation of Title 18, United States Code, Section 922(g)(1) – felon in possession of a firearm. On September 20, 2017, Montgomery appeared before this Court for arraignment on the indictment. On September 26, 2017, Montgomery appeared before this Court for a detention hearing.

There, the government requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community. Pretrial Services submitted a report highlighting the risks Montgomery's release might pose to the community.

Upon consideration of the Pretrial Services report, the court file, and the party proffers at the

detention hearing, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e). The Court therefore orders Defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, which include the following:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions can reasonably assure the safety of the community. First, Montgomery has a substantial criminal history despite his young age (25), a history that includes seven criminal convictions. Second, Montgomery was convicted for a violent felony while he was on probation for a prior violent felony conviction and was later convicted for having sex with a minor while he was still under court supervision. These convictions send a strong signal to the Court that Montgomery is not amenable to court supervision. Third, Montgomery has prior violations of domestic-violence restraining orders and is currently the subject of two additional restraining orders.

Taking into account the nature of the crime alleged, as well as the history and characteristics of the Montgomery, the Court determines that, on the record before it, there is no condition or combination of conditions of release that can reasonably assure the safety of any other person and the community.

Accordingly, under 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

1     (1) Defendant is committed to the custody of the Attorney General for confinement in a

2 corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or

3 being held in custody pending appeal.

4     (2) While detained, Defendant shall be afforded reasonable opportunity for private consultation

5 with counsel;

6     (3) On order of the Court of on request of an attorney for the government, the corrections facility

7 in which Defendant is detained shall deliver Defendant to a United States marshal for the purpose of

8 appearing for a court proceeding.

9     This Order is without prejudice to reconsideration at a later date if circumstances change.

10

11 IT IS SO ORDERED.

12 Dated: September 28, 2017

13 HON. JOSEPH C. SPERO
United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28